**PORTER, Price Adm'r OPA v. DANA et al.**

No. 7636.

District Court, D. New Jersey.

July 19, 1946.

Raymond J. Otis, of West New York, N. J., and Robert P. Silberman, of Newark, N. J., for plaintiff.

Emanuel Kaplan and I. Herbert Levy, both of Trenton, N. J., for defendants.

FORMAN, District Judge.

This matter came on to be heard pursuant to an order made on March 18, 1946, in which the defendants were directed to show cause before the court why an order should not be made, effective during the pendency of this action, enjoining the defendants, their officers, agents and other persons in active concert or participation with them from doing or omitting to do acts in violation of Section 4(a) of the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A.Appendix, § 904(a), and the maximum price regulations promulgated pursuant thereto. Oral argument was had and final brief submitted June 12, 1946.

By the terms of the Emergency Price Control Act of 1942, as amended, it terminated June 30, 1946, in accordance with the following extender provision: "The provisions of this Act (except sections 8 and 9 (sections 968 and 969 of this Appendix, and amendments to Title 15 § 713a-8)), and all regulations thereunder, shall terminate on June 30, 1946, or on such earlier date as the Congress by concurrent resolution, or the President by proclamation, may prescribe. As amended June 30, 1945, c. 214, § 2, 59 Stat. 306." 50 U.S.C.A.Appendix, § 966.

In our opinion the termination of the law renders moot the application for an injunction pendente lite to restrain violations of that law and the regulations founded thereon for it and they no longer exist.

In the light of the present uncertainty of the resuscitation of price control legislation by the Congress, we cannot now entertain an application to enjoin violation of a law that is not in existence. The original complaint will remain on file pending final hearing or until the further order of this court, but meanwhile plaintiff's application for injunction pendente lite is denied without prejudice to a new application if the law, within a reasonable time, permits such renewal.

An order should be taken discharging our order to show cause of March 18, 1946, together with its temporary restraint in accordance herewith.